UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLAUNCEY HUBBARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:17-CV-123-JD-MGG |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Clauncey Hubbard, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging the disciplinary hearing (WCC 16-11-63) where the Disciplinary Hearing Officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202. ECF 2 at 1. As a result, Hubbard was sanctioned with the loss of 30 days earned credit time. *Id.*

In his petition, Hubbard raises three grounds. Hubbard claims in each ground that the IDOC violated its own policy in imposing his discipline. However, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Nevertheless, this court will analyze each of Hubbard's claims to determine whether any claim identifies a due process violation entitling him to habeas corpus relief.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).

In Ground One, Hubbard argues that his rights were violated because the conduct report identified the wrong date as the "Date of Incident." ECF 2 at 2. On November 1, 2016, IDOC staff performed a drug test on Hubbard, and he tested positive for suboxone. ECF 2-1 at 1. The Conduct Report identifies the Date of Incident as November 1, 2016. *Id.* Hubbard then requested additional laboratory testing. ECF 2-1 at 1. The laboratory test, confirming the positive findings, was dated November 5, 2016. ECF 2-1 at 9. Hubbard argues that the date on the Conduct Report should have been the date that the laboratory test results were issued, rather than the date he initially tested positive.

Ground One does not identify any due process violation. Erroneously dating a Conduct Reports is not a basis for habeas corpus relief. The basis of Hubbard's discipline was his initial test results, and that date is noted on the report. Furthermore, changing the date of the Conduct Report would not have had any impact on the outcome of his disciplinary case. Ground One does not implicate any of Hubbard's rights under *Wolff*, and therefore Ground One does not state a basis for habeas corpus relief.

In Grounds Two and Three, Hubbard argues that his due process rights were violated because his urine sample was "handled by multiple officers without gloves" and there was a

delay in his receipt of the test results. ECF 2 at 2-3. Based on these factors, Hubbard argues that the sample tested was not his sample. ECF 2 at 3. Grounds Two and Three amount to an impermissible challenge of the sufficiency of the evidence.

To satisfy due process, there must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

Here, the DHO found Hubbard guilty of violating IDOC B-202. An inmate violates this policy by "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The

3

Conduct Report charges, "[o]n 11/01/2016 at approximately 12:00 p.m, offender Hubbard, Clauncey #956733 tested positive for suboxone. Offender Hubbard requested for Specimen to be sent to the lab for further testing." ECF 2-1 at 1. Hubbard's sample was sent to a laboratory and tested positive for Buprenorphine. ECF 2-1 at 9. Buprenorphine is a controlled substance under Indiana law. IC. § 35-48-2-8 (West); *Weathers v. State*, 69 N.E.3d 955 (Ind. Ct. App. 2016) (table) (explaining that while the Indiana "statute references buprenorphine[,] suboxone is the trade name for a compound of buprenorphine and naloxone").

The DHO had sufficient evidence to find that Hubbard was guilty of using a controlled substance in violation of IDOC policy. A prisoner may be found guilty of a disciplinary infraction based on circumstantial evidence. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008). The DHO was presented with two different test results that were positive for traces of suboxone, or a compound of suboxone. This evidence more than satisfies the "some evidence" standard sufficient to find Hubbard guilty. Therefore, Grounds Two and Three do not state a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: June 6, 2017

        /s/ JON E. DEGUILIO
Judge
United States District Court